**EVANS v. MURPH et al.**
**No. 15179.**

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 6, 1950.

Spence & Rexford, of Wichita Falls, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellee Evolene S. Evans.

Ralph P. Mathis, of Wichita Falls, for appellee C. L. Murph but no brief filed by this appellee in this court.

HALL, Justice.

In a former suit, the 30th District Court of Wichita County, Texas, entered judgment for divorce on the 20th day of May, 1949, in favor of the present appellee, Evolene S. Evans, and against the present appellant, Marshall Evans. On said date the court approved a property settlement executed by both appellee and appellant in due form and made the same a part of its decree.

On December 9, 1949, one C. L. Murph filed suit against appellant M. T. Evans in an action on a promissory note which appellant Evans executed to him in the principal sum of $2,500, dated July 22, 1946, plus in-

terest and attorney's fees. Appellant M. T. Evans by cross-action in said cause prayed for judgment over and against appellee for for any amount recovered by Murph by alleging that she assumed payment of said note in the property settlement agreement, supra.

The trial court entered judgment in behalf of Murph for amount of the note, plus interest and attorney's fees, and denied appellant M. T. Evans recovery upon his cross-action. From this judgment appellant M. T. Evans submits his appeal against his cross-defendant, appellee, Evolene S. Evans upon four points.

First point: The trial court erred in finding said judgment in the divorce case was final and could not be collaterally attacked in the instant suit.

Second point: The trial court erred in holding the $2,500 note in question was not a debt on or against the property at 1706 Tilden Street, Wichita Falls, Texas, which property was awarded to appellee in the divorce decree.

Third and fourth points: The trial court erred in ruling that appellee was not personally liable for payment of said $2,500 note and in denying appellant recovery against appellee for said amount.

Appellant argues in his brief that he "the appellant made no attack upon the divorce judgment, collaterally or otherwise, but, on the contrary, relied upon said judgment to sustain his cause of action." Under the force of such argument we look to the property settlement to decide, first, whether or not the $2,500 note appellant Evans executed to Murph is a legal debt on or against the property awarded to appellee; and, second, whether or not appellee assumed payment of said $2,500 indebtedness.

Appellant's contention further is "the part of the judgment which was based upon the agreement of the parties is governed by the law relating to contracts rather than laws relating to judgments. * * * It should be noted that there is no controversy as to the facts in this case and the real question is simply applying the laws to the facts. * * * We therefore find ourselves confronted with only one question. What was meant by the term debt on the property."

Appellant contends the following portion of said property settlement agreement set out in the divorce decree is basis for an affirmative answer in his favor to the above questions:

"(a) Mrs. Evans shall pay * * *

"Also to pay the debt on the property at 1706 Tilden Street, Wichita Falls, Texas."

In the year 1946 Mr. Murph, as a contractor, was repairing the home of appellant and appellee, located at 1706 Tilden Street. Prior to the beginning of such repairs, both appellant and appellee executed to Murph a mechanic's lien in the sum of $3,000, which Murph later transferred to North Texas Federal Savings and Loan Association, after said lien had been renewed and extended by executing an additional $1,000 mechanic's lien for labor and materials, making a total of liens against the property in the sum of $4,000. But this amount did not cover the repairs on said property; thus appellant signed the promissory note in question for the principal sum of $2,500, to defray additional repair cost of their home. Appellant contends, since the $2,500 was expended for repairs on the home and since appellee agreed in the property settlement that she was "to pay the debt on the property at 1706 Tilden Street, * * *" which was their home, that appellee should be required to pay the said $2,500.

A recital in the deed wherein appellant conveyed to appellee the property in question is thus: "This transfer of title is made subject to all the debt now existing against this property."

The terms "debt on" and "debt against" can reasonably be interpreted as meaning debts secured by a lien or charge against the property in question. The Murph note was not a debt on or against the property. In other words, Murph could not have subjected the property to payment of the note. We construe the note to be a personal obligation of appellant Evans. The mere fact that it was given in consideration of work and labor going into the improvements made on the property did not constitute a debt or lien against the property in the absence of a valid lien securing its payment.

There is no effort made in the present suit to reform the separation agreement; both parties stand on its terms as written. It therefore follows that appellee Mrs. Evans can be charged with having assumed only the kind of debts specifically set out in the separation agreement. The agreement does not require her to pay the unsecured note which was executed to Mr. Murph by appellant.

Finding no error the judgment of the trial court is affirmed.